SAM Y. KIM AND CHONG KIM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kim v. Commissioner
Docket No. 29345-88.
United States Tax Court
T.C. Memo 1989-562; 1989 Tax Ct. Memo LEXIS 575; 58 T.C.M. (CCH) 388; T.C.M. (RIA) 89562; October 19, 1989. *575 Held, Ps' motion to amend petition is denied. John J. O'Brien, for the petitioners. Daniel A. Guy, Jr., for the respondent. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: By statutory notice of deficiency dated August 23, 1988, respondent determined the following deficiencies in and additions to petitioner Sam Y. Kim's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1982
$35,784.00
$17,892.00
50% of interest
$8,946.00
due on $35,784
On the same date, respondent issued a statutory notice of deficiency determining the following deficiencies in and additions to petitioners Sam Y. and Chong Kim's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1983
67,878.00
33,939.00
50% of interest
16,970.00 due on $67,878 1984
220,942.00
110,471.00
50% of interest
55,236.00
due on $220,942 (Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue. All Rule references are to the Tax Court *576 Rules of Practice and Procedure.) On November 14, 1988, petitioners timely filed a joint petition with this Court specifically contesting the determinations made by respondent in the statutory notice for the years 1983 and 1984. Attached to their petition was the 1982 statutory notice but not the 1983-1984 statutory notice. On January 17, 1989, respondent filed an answer. On January 18, 1989, respondent made an assessment against Sam Y. Kim for the deficiencies in and additions to his 1982 income tax. On May 15, 1989, petitioners filed a motion to amend petition embodying amendment wherein they moved the Court to permit them to correct a "typographical error" on the original petition by changing a reference from tax years 1983 and 1984 to tax years 1982, 1983 and 1984. On June 30, 1989, respondent filed a notice of objection to petitioners' motion. On September 18, 1989, petitioners filed a written statement pursuant to Rule 50(c) in lieu of an appearance at the hearing held on September 20, 1989, on this motion. Rule 41 generally provides that a party may amend his pleading only by leave of the Court or by written consent of the adverse party. Our consistent policy is *577 to be liberal in treating as petitions all documents filed by taxpayers within the 90-day period if they were intended as petitions. . Notwithstanding this policy, a document must contain objective facts indicating that a deficiency is contested before it is treated as a petition with respect to that deficiency. . In the instant case, detailed allegations of error were set out with respect to the taxable years 1983 and 1984. However, no allegations of error were set out with respect to 1982. The principal distinguishing factor making O'Neil different from the instant case is that in O'Neil the year omitted from the petition was covered by a single notice of deficiency, while here the omitted year (1982) was covered by a separate notice. See ; cf. . The attachment to the petition of the 1982 notice of deficiency, standing alone, is not sufficient to confer jurisdiction over the deficiency and *578 additions to tax for 1982. There must also be some reference in the petition itself that the determination for a particular year is being contested. Finally, we note that in support of their contention petitioners cite , in their written statement. Jenkins stands for the proposition that a signed letter protesting a deficiency gives this Court jurisdiction over a taxable year in issue. Petitioners' reliance is misplaced. Jenkins does not stand for the proposition that a statutory notice attached to a petition confers jurisdiction on the Court for years covered in the statutory notice, but not in the petition. Accordingly, petitioners' motion to amend petition is denied. An appropriate order will be issued.